IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHEILA PATTON,                )
                              )
              Plaintiff,       )
                              )
       v.                      )
                              )   Civil Action No. 08-205J
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
              Defendant.       )

MEMORANDUM JUDGMENT ORDER

AND NOW, this _____8th_____ day of September, 2009, upon due
consideration of the parties' cross-motions for summary judgment
pursuant to plaintiff's request for review of the decision of the
Commissioner of Social Security ("Commissioner") denying her
application for disability insurance benefits ("DIB") under Title
II of the Social Security Act ("Act"), IT IS ORDERED that the
Commissioner's motion for summary judgment (Document No. 11) be,
and the same hereby is, granted and plaintiff's motion for summary
judgment (Document No. 8) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Where the ALJ's findings of fact are supported by
substantial evidence, a reviewing court is bound by those
findings, even if it would have decided the factual inquiry

differently.    Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir.

2001). Moreover, it is well settled that disability is not

determined merely by the presence of impairments, but by the

effect that those impairments have upon an individual's ability to

perform substantial gainful activity.  Jones v. Sullivan, 954 F.2d

125,  129  (3d  Cir.  1991).    These  well-established  principles

preclude a reversal or remand of the ALJ's decision here because

the  record  contains  substantial  evidence  to  support  the  ALJ's

findings and conclusions.

Plaintiff filed her application for DIB on November 29, 2004,

alleging  disability  beginning  September  1,  2003,  due  to  eye

problems, myofascial injury to her back, whiplash, degenerative

disc  disease,  problems  with  her  right  hand  and  nerves.

Plaintiff's application was denied.  At plaintiff's request, an

ALJ held a hearing on August 17, 2006.  On December 11, 2006, the

ALJ issued a decision finding that plaintiff was not disabled at

any  time  from  her  alleged  onset  date  until  her  insured  status

expired for DIB purposes on December 31, 2005 (the "relevant

period").    The  Appeals  Council  denied  plaintiff's  request  for

review on June 27, 2008, making the ALJ's decision the final

decision of the Commissioner.  The instant action followed.

Plaintiff was 56 years old at the time of her alleged onset

date and is classified as a person of advanced age under the

regulations.  20 C.F.R. §404.1563(e).  Plaintiff has a high school

education.  She has past relevant work experience as a purchasing

clerk in a factory, but she did not engage in substantial gainful

activity at any time during the relevant period.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff was not disabled within the meaning of the Act during the relevant period. The ALJ found that plaintiff suffered from the severe impairments of degenerative disc disease of the cervical spine, bilateral shoulder myofasciitis, and degenerative disc disease of the lumbar spine with lower back pain. The ALJ determined, however, that plaintiff's impairments, either alone or in combination, did not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that during the relevant period plaintiff retained the residual functional capacity to perform a range of medium work that allowed for a sit/stand/walk option and that allowed her to take four or five steps away from her workstation during a one minute period up to five times per hour. In addition, plaintiff was precluded from performing work that involves ladders, ropes and scaffolds, and she was limited to occasional overhead reaching, pushing and pulling with the upper extremities including the use of hand levers, unless the levers required less than five pounds of force to operate. Further, plaintiff was limited to work that did not involve working around unprotected heights and that did not expose her to cold temperature extremes or extreme wetness or humidity (collectively,

the "RFC Finding").

Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's vocational factors and residual functional capacity enabled her to perform her past work as a purchasing clerk.[1] Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Act during the relevant period.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §404.1520(a)(4). The ALJ must determine:   (1) whether the claimant is currently engaged in

--------

[1]Even though the ALJ found plaintiff not disabled at step 4 of the sequential evaluation process, he noted in his decision that the vocational expert testified plaintiff's residual functional capacity also would have enabled her to perform other work during the relevant period, such as a third shift floor buffer, industrial washer, small parts assembler, weigher of scales operator, order clerk and electronic assembler. (R. 23). Therefore, even if the ALJ had proceeded to consider this case at step 5, he still would have found plaintiff not disabled.

AO 72
(Rev. 8/82)

substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further review is unnecessary. 20 C.F.R. §404.1520(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 4 of the sequential evaluation process. At step 4, the issue is whether plaintiff's residual functional capacity permitted her to perform her past work during the relevant period. 20 C.F.R. §404.1520(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §404.1545(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ considers her ability to meet the physical, mental and other sensory requirements of work. 20 C.F.R. §404.1545(a)(4).

Here, plaintiff argues that the ALJ erred at step 4 because the ALJ did not consider her 30-year work history in evaluating her credibility. In addition, plaintiff contends that the ALJ's decision denying her benefits was the result of his bias against

social security claimants.  The court finds that these arguments lack merit for the reasons explained below.

Plaintiff first contends that the ALJ did not properly assess her credibility because he failed to consider her 30-year work history.  Plaintiff argues that a claimant with a long work history is entitled to substantial credibility regarding her description of her impairments and work-related limitations. After reviewing the record, the court concludes that the ALJ properly evaluated plaintiff's credibility in accordance with the regulations.

A claimant's subjective complaints concerning her impairments must be supported by objective medical and other evidence.  20 C.F.R. §§404.1529(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony.  Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).  Here, in assessing plaintiff's credibility, the ALJ considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, her medications and the extent of her treatment, plaintiff's own statements about her symptoms and reports by her physicians about her symptoms and how they affect her.  See 20 C.F.R. §§404.1529(c)(1)-(3); Social Security Ruling 96-7p. The ALJ then determined that plaintiff's impairments could be expected to produce some of the symptoms she alleged, but her subjective complaints regarding the limiting

effect of her impairments only were partially credible. (R. 19).
This court finds that the ALJ adequately explained the basis for
his credibility determination (R. 19-21), and is satisfied that
such determination is supported by substantial evidence.

Plaintiff's specific contention that the ALJ did not properly
assess her credibility because he failed to consider her long work
history lacks merit. It is true that the testimony of a claimant
with a long, productive work history will be given substantial
credibility concerning her work-related limitations, assuming
those limitations are also supported by competent medical
evidence. See Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir.
1979). Although a claimant's work history is one of many factors
the ALJ considers in assessing an individual's subjective
complaints, 20 C.F.R. §404.1529(c)(3), the ALJ is not required to
equate a long work history with credibility.     See   Christl v.
Astrue, 2008 WL 4425817, *12 (W.D.Pa. Sept. 30, 2008).    Thus, a
claimant's work history alone is not dispositive of the question
of her credibility.

The ALJ clearly was aware of plaintiff's work history and
referred to it when he determined that she could perform her past
relevant work.   (R. 22-23).   As discussed above, the ALJ
considered the record as a whole in assessing plaintiff's
credibility, and based on his review of the evidence, properly
concluded that plaintiff's allegations of totally disabling
limitations were not entirely credible. Accordingly, plaintiff's
long work history in and of itself is insufficient to overcome the

substantial   evidence   supporting   the   ALJ's   credibility
determination.

Plaintiff next argues that the ALJ found she was not disabled
during the relevant period because he is biased against social
security claimants.   In support of her bias argument, plaintiff
cites the following comments the ALJ made on the National Public
Radio blog site called "Marketplace":

> Occasionally-but rarely-do I see a claimant with an
> entirely fraudulent claim. The clear majority of the
> claimants who appear before me do have some physical or
> mental impairment. The real issue is whether that person
> can meet the definition of "disability" which was
> intentionally set very high by Congress to provide
> income to only those whose injuries/illnesses are very
> debilitating.   *Unfortunately, that very high bar is
> approached with deception and falsification in many
> cases.   Some doctors go overboard on diagnoses and
> treatment because they sense the "pot of gold" in having
> a fairly young patient (on Medicare for many years to
> come) with a reliable source of payment for constant
> treatment.   Lawyers   and   other   non-attorney
> representative[s] can receive fees as a percentage of
> the back benefits awarded to a claimant. Once a claimant
> has a legal representative, one can actually track how
> the alleged impairments become much worse, with new
> impairments and symptoms added as the case matures. A
> judge with some experience can almost recite verbatim
> the same story we hear from virtually EVERY claimant,
> suggesting they have received training from the national
> organization   of   the   claimant's   attorneys.*   The
> government is complicit in this boondoggle, because the
> Social Security Administration actually publishes lists
> of symptoms for various impairments in the form of rules
> for judges to follow.   Is it any wonder we hear those
> lists of symptoms at almost every hearing?

See Plaintiff's Brief in Support of Motion for Summary Judgment
(Document No. 9) at 18-19 (emphasis added by plaintiff), quoting,
http://marketplace.publicradio.org/display/web/2008/09/04/ss_backlog/.

Due process requires that social security claimants be

afforded a full and fair hearing.  Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995).  Essential to a fair social security hearing is the right to an unbiased judge who fulfills his duty to develop a full and fair record.  Id.  An ALJ is presumed to be unbiased unless there is a specific showing for cause to disqualify.  Schweiker v. McClure, 456 U.S. 188, 195 (1982).  The burden to establish a disqualifying interest rests with the party asserting bias.  Id. at 196.  A party asserting bias must show that the behavior of the ALJ was "so extreme as to display clear inability to render fair judgment."  Liteky v. United States, 510 U.S. 540, 551 (1994).

Plaintiff has not identified any behavior by the ALJ in this case that prevented her from receiving a full and fair hearing or that indicated the ALJ was unable to render a fair judgment. There is no indication that the ALJ failed to fully develop the record, that he questioned plaintiff in a coercive manner, that he interfered with the introduction of evidence concerning plaintiff's claim, or that he made any comments that show he was biased against plaintiff or her particular case.  Rather, the general comments about which plaintiff complains were made by the ALJ on a blog site in September 2008, almost two years after the ALJ held plaintiff's hearing and issued his written decision denying her benefits.  Clearly, the ALJ's comments were not directed specifically at plaintiff, nor did they pertain to her

case.[2]   The court also notes that plaintiff's reference to the ALJ's comments on the blog site made two years after her administrative hearing are not a part of the administrative record in this case and are not properly before this court for review. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001) (holding that evidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence).   For all of these reasons, plaintiff has failed to establish that the ALJ was biased against her in conducting the administrative hearing or deciding her case.[3]

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff was not disabled within the meaning of the Act during the relevant period.   The ALJ's findings and

---

[2]The court notes that plaintiff has emphasized the portion of the ALJ's comments concerning his opinion that deception and falsification exists in some cases.   The ALJ also clearly stated in his comments that fraudulent claims occur "occasionally-but rarely" and that the majority of claimants he sees have "some physical or mental impairment."   Plaintiff fails to acknowledge in her brief that the ALJ's comments in the blog, when read as a whole, indicate a balanced perspective, rather than the biased view that plaintiff attempts to attribute to those comments.

[3]In connection with her bias argument, plaintiff contends that the ALJ's bias can be inferred because he observed in his decision that "as the processing of [plaintiff's] application has continued, she has expanded her allegations to include a host of new and varied impairments."   (R. 22).   Plaintiff failed to mention that the ALJ continued by stating that he was not convinced the "multitude of mild, or temporary, impairments results in the severity of limitation alleged."   Id.   Contrary to plaintiff's characterization, the ALJ's statements do not indicate any bias against her.   The ALJ's statements only support his conclusion that plaintiff's allegations of totally disabling impairments are not fully credible.

conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.


Gustave Diamond
United States District Judge


cc:   Karl E. Osterhout, Esq.
      1789 S. Braddock Avenue
      Suite 570
      Pittsburgh, PA 15218

      Stephanie L. Haines
      Assistant U.S. Attorney
      319 Washington Street
      Room 224, Penn Traffic Building
      Johnstown, PA 15901